JOHN M. QUACKENBOSS and the heirs of MANGLE M. QUACKEN-
BOSS, deceased, Respondents, *v.* GEORGE W. SOUTHWICK,
Appellant.

The Supreme Court have power, upon petition, to remove as trustee one
upon whom, by the terms of a will naming him executor, as such execu-
tor, an express trust is conferred; and this, although he has not at the time
completed his duties as executor.

The removal of such a trustee is proper, where the relations between him
and his co-trustee are such, that they will not probably co-operate in carry-
ing out the trusts beneficially to those interested, and a majority of the
beneficiaries ask for such removal. And it is not essential, how such
relations originated, or whether the trustee, whose removal is sought,
caused them by his own misconduct or not.

(Argued June 19th, 1869, and decided September 24th, 1869.)

THIS is an appeal from that part of an order of the General
Term of the Supreme Court, in the first district, affirming an
order of the Special Term, in so far as it removed the appel-
lant, Southwick, as trustee of the estate of Mangle M.
Quackenboss, deceased.

Mangle M. Quackenboss died in August, 1864, leaving
a will, which was proved before the surrogate of New York
on the 17th day of September, 1864. By his will he devised
and bequeathed all his real and personal estate to such of his
executors as qualified and assumed · the burden *of the trusts,*
to have and hold the *same upon certain trusts,* to set apart a
certain amount of real and personal property to realize $2,000
of income, to pay over the same to his wife, in lieu of dower,
and the rest and residue thereof " as soon after my death as
the same can be advantageously and conveniently done, to be
divided into four equal shares; and the said trustees to con-
vey and assign and deliver to each of his daughters, Juliana
Maria Day, Louisa C. Southwick (wife of the appellant), and
Caroline E. Dibble, one of said shares, and Sophia Y.
Quackenboss, wife of the testator's son, John M. Quacken
boss, the remaining share; and in case either of his daugh-
ters or daughter-in-law should have died before such division,

then her share to go to her children.  He named, as executors and executrix, his wife, his son, John M. Quackenboss, and his sons-in-law, Mr. Dibble and Mr. Southwick (the appellant), and one Milker, as his executors.  The will also authorized the executors to sell real estate.

The respondent, John M. Quackenboss, and the appellant, alone qualified and undertook the trusts.  The widow rejected the provision in the will for her, and her dower was assigned to her.

Sophia Y. Quackenboss, the daughter-in-law, died in 1865, before any division of the estate, and left two children; the petitioner, Mrs. Eager, and a son, a minor, fifteen years of age, living with his father, the respondent, Quackenboss.

The appellant, Southwick, took charge of the estate February, 1865, and continued in charge for a year, when at his request, the respondent, Quackenboss, took charge; but Southwick retained most of the deeds and documents, and refuses to give them up.  The residue of the property undivided is about $200,000.

The appellant, Southwick, quarreled and parted with his wife, the testator's daughter, in the spring of 1867, and she procured a divorce from him.

In the fall of 1866, the trustee, Quackenboss, made an arrangement to sell a portion of the real estate for $80,000, but it fell through, owing to the refusal of Southwick to join in the sale, on the ground that a warrant of execution in favor of the United States was outstanding against it *more than thirty years old.*

The claim of the United States against the testator's property, arose out of his being surety of *Samuel Swartwout* in 1800, and had rested dormant for many years until Southwick's lawyer revived it.

In September, 1868, Mrs. Day, Mrs. Southwick, and John M. Quackenboss, after consultation with their counsel, authorized the latter to make a formal demand upon the appellant, and demand of him that he join in closing up the estate, and executing the trusts of the will.  He stated, in answer to

this demand, that certain real property held by the widow at the time of the testator's death, belonged to the estate, and he would do nothing as to the rest, until they had got that, and finally and formally refused the request.

Thereupon, Quackenboss having paid off and got a discharge of the claim of the United States on the property, he, Mrs. Day, Mrs. Dibble, and Mrs. Eager, presented a petition to the Supreme Court, in which Mrs. Southwick subsequently joined, thus *including all the devisees of the property* except Mr. Quackenboss' infant son (entitled to one-eighth), praying that Southwick be ordered to perform and execute the trusts reposed in him by said will, or be removed as executor and trustee, and some suitable person be appointed in his place.

The appellant having read affidavits in opposition to the petition, it was referred to a referee to ascertain the facts, and report the evidence, and his opinion, as to the propriety of removal of Southwick, and the appointment of a substitute. Evidence on both sides was taken by him. His report was filed January 19th, 1869, whereby he recommended the removal of Southwick and the appointment of Mr. Dibble, another son-in-law, recommended by all the parties, in his place.

Upon the coming in of this report, the Special Term, after hearing counsel on both sides, made an order removing Southwick, as executor and trustee, appointing Dibble in his place, and directing that Southwick deliver to Dibble all books and papers, &c.

Southwick appealed from this order to the General Term, where it was reversed, so far as it removed him as executor, and affirmed as to his removal as *trustee*, and as to his delivery over of all documents relating to the trust. Southwick appealed from the latter portion to this court.

*Titus B. Eldridge,* for the appellant, insisted that an executor could not be removed by petition, and cited 2 Bradford R., 32 ; Willard on Executors, 138 ; *In re* Van Wyck, 1 Barb., Ch., 566 ; the statute (1 R. S., 731, § 70), evidently refers to trustees created by deed, and not to executors made, as such,

trustees by a will. Upon the merits, conceding the power of the court, there was no cause shown for removal; no miscon-duct of the appellant was shown.

*Samuel Hand*, for the respondents, cited *Leggett* v. *Hunter* (19 N. Y., 445); *Belmont* v. *O'Brien* (2 Kern., 394); *Craig* v. *Craig* (3 Barb. Chy., 76, 78, Matter of Wadsworth, 2 Barb. Ch. R., 381; *Williams* v. *Conrad* (30 Barb., 526, SOUTHERLAND, J.); *Meakings* v. *Cromwell* (1 Seld., 136) · *Disbrow* v. *Henshaw.* (8 Cow., 350); *People* v. *Norton* (5 Seld., 178); *In re* Andrews, 1 John's. Ch. R., 99.

GROVER, J. By the first clause of the will, the testa-tor makes certain specific bequests to his wife. By the same, he gives to such of his executors as shall qualify, all the resi-due of his property upon certain specified trusts. By the fourth, after providing for his wife, and the payment of a cer-tain legacy, he directs that the residue of his property be divided into four shares, and that one each of such shares be assigned and conveyed to each of his three daughters, and the remaining share to the wife of his son; and providing, that in case of the death of either before division, leaving descendants, her share should be conveyed to such descend-ants, and if without having descendants, then such share to be conveyed to the survivors. The testator, by the eighth clause of his will, empowered the executors in their discre-tion, to sell and convey the whole, or any part of the real estate, at public or private sale, and to mortgage the same. The questions upon the order appealed from are, first, whether the court possessed power upon petition to remove one of the executors, who had qualified, from the above trusts before the duties as executors were closed, and the amounts settled; and if so, whether the power was rightly exercised in the present case. It will be seen, that although the trust powers were conferred upon the same persons who were appointed executors, yet the duties to be per-formed are separate and distinct. If the appellant be removed from the office of trustee, he may still continue

to discharge the duties of executor, close and settle his accounts as such, and discharge himself from all responsibility in both characters by paying over and delivering all money in his hand, &c., to the trustees. The counsel for appellant insists that he cannot be removed upon petition, while any duties as executor remain to be performed, and cites, in support of his position, among other cases, *In re Van Wyck* (1 Barb., Ch. R., 565). In that case it was held that, independent of the statutory provisions upon the subject, a Court of Chancery had no power to discharge a trustee and to appoint another in his place. That the only appropriate proceeding for that purpose was by bill. It was held that when an executor, clothed with trust powers, presented a petition for his discharge, there remaining duties as executor to be performed, such application must be denied. Section 70, p. 730, 1 Revised Statutes, provides that upon petition or bill of any person interested in the execution of a trust, and under such regulations, as for that purpose shall be established, the Supreme Court (formerly Chancery) may remove any trustee who shall have violated or threatened to violate his trust, or who shall be insolvent, or whose insolvency shall be apprehended, or who for any other cause shall be deemed an unsuitable person to execute the trust. Section 71 empowers the court to appoint a new trustee in place of a trustee resigned or removed. Section 72 limits the last two sections to cases of express trusts only. It will be seen by reference to the will that the trusts in the present case are express trusts. Hence the above sections, are applicable. In *Leggett* v. *Hunter*, it was held by this court, that these sections were applicable to an executor and trustee under a will, where the duties of the executor had been fully performed, and all the remaining duties were those of a trustee. If this be so, I can see no reason why such a person may not, under the same sections, be removed as trustee, leaving him in the exercise of his powers and to discharge the duties of an executor, when the powers and duties are separate and distinct, as in the present case.

The court having the power, it remains to consider whether it was properly exercised in the removal of the appellant. That removal was upon the ground that he was deemed an unsuitable person to execute the trust. If this ground is sustained, it must be on account of the personal relations of the two acting executors and trustees and of the relations of the appellant to those interested in the estate, and not upon the ground of any defect of capacity or integrity, as there is no charge of the latter. The case shows that there had been some differences of opinion between the trustees relative to selling certain portions of the real estate. These differences furnish no more ground for the removal of one than of the other, and I think none for the removal of either. It will be seen from the will that a division of the property into shares, and conveying to each devisee her share, was made the imperative duty of the trustees, while a discretionary power of selling, conveying, &c., was conferred. Under these circumstances, if both of the trustees could not concur in selling the real estate, it was their duty to at once proceed to a division, if practicable (and there is nothing showing that it was not), and close up the estate, by conveying to the devisees as required by the trust. But it does appear that the relations between the appellant and his co-trustee, Quackenboss, are such that they will not probably co-operate in closing the trust beneficially to those interested in the estate. It is not very material to inquire how such relations originated, or by whose fault, unless such inquiry should of itself disclose that the conduct of one had been such as to render him disqualified to act as trustee. It is sufficient, to ascertain the fact, to warrant the removal of one and the appointment of another in his place, to secure the faithful performance of the trust. In determining which should be removed, it is highly proper to consult the wishes of those interested in the estate, when, as in the present case, they are mostly *sui juris*, capable of understanding their interest and managing their affairs. In the present case, it appears, that those who are the beneficial owners of seven-

eighths of the estate are of this class, and that they all concur in asking the removal of the appellant and the appointment of Mr. Dibble as trustee in his place, while the owner of the remaining eighth is the minor son of the co-trustee. Under these circumstances, I think the removal of the appellant was proper.

The order appealed from should be affirmed.

All the judges concurring, except HUNT, Ch. J., and LOTT, J., who were for reversal.

Order affirmed.