In the matter of the petition of LUCINDA L. MORGAN and others, for the removal of William R. Morgan, as trustee.

Although the wishes of a *cestui que trust* should not, in all cases, control the removal or the appointment of a trustee, yet where the *cestui que trust* is of full age, in every way competent to judge for himself, and to form an opinion as to what person would be agreeable to him as a trustee, his wishes should have great weight with the court.

Where two of the trustees and the *cestui que trust* joined in a petition praying for the removal of the third trustee, and a referee made a report recommending the removal, the court, considering the intimate and confidential relations and transactions existing between trustees and the *cestui que trust ;* that the person really in interest was the *cestui que trust ;* that she was of mature age; and that difficulties had arisen among the three trustees, and the *cestui que trust* sympathised with the two who joined with her in the petition, removed the third trustee; although there was nothing in the report affecting his moral character, and it appeared that he had intended to discharge the duties of his office with strict fidelity.

THE petitioners, Lucinda L. Morgan and Henry Morgan, are trustees, and Lucinda M. Ely the *cestui que trust.* They applied to the court, by petition, for the removal of the co-trustee, William R. Morgan. The matter was referred to a referee, and a report was made, recommending the removal. On that report an order of removal was entered ; from which William R. Morgan appealed.

*By the Court,* LEARNED, J. · There is nothing in the report affecting the moral character of the appellant. On the contrary, the referee expressly states his belief that many of the acts complained of are to be traced to a conscientious conviction that they were in the line of his duty. And in the view we take of the matter we may assume that the appellant has intended to discharge the duties of his office with strict fidelity.

We cannot say that, in all cases, the wishes of a *cestui que trust* shall control the removal or the appointment of a trustee, but in a case like the present, where the *cestui*

*que trust* is of full age, in every way competent to judge for herself, and to form an opinion as to what person would be agreeable to her as a trustee, we think that her wishes should have great weight with the court. · It is plain that difficulties have arisen among the three trustees, and the *cestui que trust* sympathises with the two who join in the petition. Now the relations between trustees and the *cestui que trust* must necessarily be intimate. The parties must frequently be brought together in business transactions of a confidential character. It is therefore very important that there should be full and perfect harmony between them. And as the person really in interest is the *cestui que trust,* we think that when she is fully capable of deciding for herself, she should be allowed to do so. The trustees have no personal interest in the matter. They are only charged with a duty, and one which is generally onerous, and poorly compensated.

With these views, and without expressing any opinion unfavorable to the character or to the integrity of the appellant, we think the order should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, November 4, 1872. *Leonard* and *Learned,* Justices.]