NEW YORK COUNTY. — HON. D. C. CALVIN, SURROGATE: —
September, 1877.

## BLAKE v. SANDS.

*In the matter of the estate of* DAVID SANDS, *deceased.*

The petition of one named as a trustee in a will asked that the petitioner be
included in a decree which had issued directing his co-trustees to hold
and retain the estate, subject to the trust; to which the co-trustees and
others, beneficiaries under the will, answered, objecting to the amend-
ment of the decree, on the ground that the estate had been well managed
by the co-trustees, whom the beneficiaries desired to retain it; that the
petitioner was not in harmony with the co-trustees, and that his acces-
sion would cause their retirement; that he was a young man without
successful business experience, or ostensible property, and had made
over his interest in the estate to his wife, and that none of the others in-
terested in the estate desired him to act as trustee; whereupon the pe-
titioner filed a reply denying the lack of property and assignment of his
interest alleged. *Held,* that the answer was equivalent to a motion to
remove the petitioner from his testamentary trusteeship, and that the
Surrogate had no power to remove him, such power being vested solely
in the Supreme Court.

THE petition of William S. Sands stated that the
will of the testator, dated January 27, 1859, admitted
to probate September 1, in the same year, appointed
his widow, his brother, Abraham B. Sands, William
R. Thurston, Jr., and Alexander B. Blake, executors
and trustees, and the petitioner, his son, to be
co-executor and trustee, on his attaining the age of
twenty-one years; that the widow and Blake alone·
qualified, and assumed administration of the estate;
that the decedent left a large estate, consisting of real
and personal property; that the petitioner is the only
son, and largely interested in said estate; that on
April 15, 1874, the Surrogate of this county issued
letters testamentary to the petitioner, as executor;

that Blake and the widow filed an account of their proceedings December 20, 1875, which was referred to an auditor, who reported, and, on motion, the report was confirmed, and on December 28, 1875, a decree was entered confirming said report, and directing Blake and the widow to hold and retain the remainder of the estate, as trustees, &c., pursuant. to the trusts contained in the will; that the petitioner was not joined as co-trustee in said decree; that the widow is over sixty years of age, in delicate health; and that it is the desire of the heirs-at-law, residuary legatees, *cestuis-que-trust* and remaindermen, that he should be so joined.

The petition stated the names of the heirs and residuary legatees interested in the trust, and asked that said decree be amended by including him as trustee to carry out said trust, with the other trustees named.

The executor and executrix, and others interested in the estate, answered the petition, denied that the heirs desire that petitioner should be joined as trustee, and stated that it is their desire, and the wish of the parties of age interested in the estate, that the trust continue to be exclusively managed by Blake and the widow, or by Blake alone, without the petitioner's intervention, and that their desire is founded upon reasons touching the due and safe administration of the estate.

Martha L. Ferris (the wife of one of the legatees), Anna P. Roe (wife of another), L. Murray Ferris, Jr., and Edward P. Roe, the latter being the father of the minors interested in said estate; also Sarah T. Sands

and Agnes C. Sands, legatees, object to the amendment of the decree as prayed for, and state that the grounds of objection are, that Blake, with the executrix, has managed for about eighteen years, and executed the trust to the satisfaction of said parties, and of the widow, and it is their desire that Blake should continue in such trust, without interference; that the petitioner is not in harmony with said Blake, and the discord is such that his appointment would result in Blake's retiring from the trust, and that the petitioner is a young man twenty-seven or twenty-eight years old, without successful business experience, or ostensible property; that he has made over his interest in the estate to his wife; and that no others interested in the estate but himself desire him to. be a trustee thereof.

To this objection the petitioner files a reply that the trustees have not accounted as such, and denies that he has assigned his interest, or that he is without ostensible personal property, and that all the legatees were in favor of petitioner's acting, and no objection was ever made until upon the hearing of this motion, but they supposed that he was charged as trustee, and so testified in proceedings in the Supreme Court.

E. L. FANCHER, *for the petitioner.*

F. F. VAN DERVEER, *for the trustees.*

THE SURROGATE. — This motion is doubtless based upon the fact that the petitioner has become twenty-one years of age, though the petition fails to set forth that fact, but as no objection is taken upon that point, the motion is submitted upon the assumption of the

petitioner's majority. The single question needing determination on this motion is, as I understand it to be substantially conceded that this court has the power, under chapter 359, of the Laws of 1870, to modify the decree, whether this court has the power to remove the testamentary trustee for the reasons stated in the answer and objections to the petition, for it seems to me that the refusal to grant this motion to amend the decree, will be equivalent to dismissing the trustee appointed by the testator in his will.

I do not concur with the petitioner's counsel in the point that the trustee named, being entitled under the will, shall first assume the duties of a trustee, and then, for cause, be removed on motion, for it is quite evident that, as the parties are before the court, the question being raised as to his competency, or the propriety of his trusteeship, the decree should not be amended by including him as trustee, when it is apparent that on motion, he would be dismissed, for that would be an unnecessary, and an idle circuity.

The authority of this court over trustees seems to be somewhat limited, and obviously is only such as is conferred by statute.

By section 80 of 3 *Revised Statutes,* 6th ed., 102 (2 *R. S.,* 94, § 66), testamentary trustees are authorized to render a final settlement of their accounts before the surrogate in the manner provided for a final settlement by executors or administrators, and the decree, on such final accounting of the surrogate, is to have the same force and effect as a decree of any other court on final settlement of such accounts, and of the matter relating to such trusts embraced

therein, or litigated, or determined on such settlement.

By section 100 of the same statute (2 *R. S.*, 96), the Surrogate is given power and jurisdiction to compel testamentary trustees to render accounts, and to require security, or remove in the same manner as now provided for the giving of security by, or removal of, executors, administrators, or guardians.

By section 3 of chapter 359 of the Laws of 1870 (1 *Laws of* 1870, p. 827), applicable to this court only, it is provided that upon application of the testamentary trustee named in any will, the Surrogate may, by order, revoke such letters and discharge such testamentary trustee, upon such terms and conditions as he may judge proper, and appoint a successor to such trustee, and the next section provides that such trustee may be required to render accounts, the same as before such revocation, and gives the Surrogate power to control his conduct until he shall have complied with all orders of said Surrogate.

Suppose this were a motion by the other trustees, and all the beneficiaries under the will in question, to remove the petitioner from his office as trustee, after he had received letters, would this court have jurisdiction to grant the motion? It would not be a proceeding under the 100th section (above cited) to require him to give security, nor would it be an application by the trustee, under the third section of chapter 359 of the Laws of 1870 (1 *Laws of* 1870, p. 827).

In Quackenbos v. Southwick (41 *N. Y.*, 117,) it was held that the Supreme Court had power to remove a

testamentary trustee, and that his removal was proper where the relations between him and the co-trustee were such that they would not co-operate in carrying out the trusts beneficially to those interested, and where the majority of the beneficiaries asked for such removal; but the authority is put expressly upon the statute (2 *R. S.*, 730, § 70), where the Supreme Court is authorized to make such removal of a trustee, who shall have violated, or threatened to violate, his trust; who should be insolvent, or whose insolvency was apprehended, or who, for any other cause, should be deemed an unsuitable person to execute the trust.

In the Matter of Morgan (63 *Barb.*, 621), it was held that on the petition of trustees and *cestuis-que-trust*, praying for removal of a third trustee, showing that differences had arisen among the trustees, the court would remove the third trustee, and it is held that the wishes of the *cestuis-que-trust* should have great weight with the court.

In Wood *v.* Brown (34 *N. Y.*, 337,) it was held that the trusts under a will vested in the executor, as distinguished from those attached to his office, and the court may dismiss him as to the former, and not as to the latter; that if an executor is guilty of misconduct, the court will interfere to regulate his conduct, and may direct the mode in which he shall co-operate with his co-executors in discharging his duty as executor under the will, and that the Surrogate is authorized, under the statute, upon an accounting by an executor, to administer the same remedy.

None of these statutes or cases cited seem to give the Surrogate power to remove the testament-

ary trustee under the circumstances presented in this motion, and I am of the opinion that he has no such power, and as I regard the question now before me as equivalent to a motion to remove the trustee, and the amendment of the decree prayed for dependent upon that authority, it seems to me that the will of the testator must prevail, and the decree be amended in the particulars prayed for, and that if, for any reason, he is unsuited to the trust, the Surrogate can only remove him on proceedings to compel him to give security, and that any other remedy must be sought in the Supreme Court, having general jurisdiction by statute over such trustees.

A moment's reflection will show that this limited power of this court over a testamentary trustee is both unwise and inconvenient, not to say absurd; for while it may direct the executor as such, fully, in respect to his administration of the estate, yet the moment he shall have finally accounted and assumed its control as trustee, its power is limited, as above suggested, and without any apparent reason. There should be a statute authorizing the Surrogate to exercise the same power and control over the conduct of a trustee of an estate as he has over executors and administrators, but, in the absence of such statute, the remedy must be sought elsewhere.

It is true that, by the sixth subdivision of section 1 of 3 R. S., 6th ed., 325 (2 R. S., 220), the Surrogate is given power to administer justice in all matters relating to the affairs of deceased persons, but the same subdivision limits the exercise of that power " according to the provisions of the statute of this

state." Hence the better opinion would seem to be, notwithstanding this provision, that this court can only exercise authority over a testamentary trustee, pursuant to the statutes above considered.

Ordered accordingly.