ERNEST L. DERAISMES AND AMELIA F. DUNHAM, RESPONDENTS, v. ROBERT E. DUNHAM, APPELLANT, IMPLEADED, &C.

*Trustee—after removal from office of trustee he may still act as executor—what facts will justify the court in removing a trustee.*

When a person has been appointed one of the executors of a will, and also one of the trustees thereunder, he may, upon proper cause being shown, be removed from his office as trustee, and still be left to exercise his functions as executor.

It is sufficient to authorize the removal of a trustee, that it is shown that his relations with his two co-trustees are so unfriendly and hostile as to endanger the execution of the trust, and that the differences between them are irreconcilable, without inquiring into the causes of such hostility and differences.

APPEAL from an order made at a Special Term, removing the appellant, Robert E. Dunham, from his office as trustee, under the will of John F. J. Deraismes, deceased.

*Jackson & Martine*, for the appellant.

*Wm. H. Onderdonk*, for the respondents.

DYKMAN, J. :

By section 70 (1 R. S., 730), the Court of Chancery was empowered, upon the petition or bill of any person interested in the execution of a trust, to remove any trustee who had violated or threatened to violate his trust, or who should be insolvent, or

whose insolvency should be apprehended, or who for any other cause should be deemed an unsuitable person to execute the trust. The Supreme Court now possesses the same power. By section 72, p. 731, of the same statute, it was provided that this section should extend to cases of express trusts only. By section 55, p. 728, express trusts may be created to receive the rents and profits of lands, and apply them to the use of any person during the life of such person, or for any shorter time.

By the last will and testament of John F. J. Deraismes, he bequeathed to his wife, among other things, an annuity of $4,800, during her natural life, to be paid to her by his executors in quarter yearly payments of $1,200 each, in each and every year, and charged the rents and profits of his improved real estate with the payment of the annuity. He also bequeathed to his son-in-law, Robert E. Dunham, an annuity of $300 during his natural life, to be paid by his executors in quarter yearly payments of $75 each, during that period.

By the sixth clause of his will, the testator devises the residue of his real estate to his sons and daughters, and grandsons, when his son Francis Joseph shall reach the age of twenty-one years, or die, and then to be divided between them as directed. Then comes this clause: "and in the meantime I order and direct my executors to take possession, charge and control of all my real estate devised by this clause of this my last will, immediately after my decease, and to receive the rents, issues and profits thereof; and I direct my executors to keep an accurate account thereof, as the same shall from time to time be received by them; and after paying out of the same all taxes and assessments imposed upon my said real estate, also the said annuity hereby given to my said wife, also the annuity given to my son-in-law Robert Emmett Dunham, and also all necessary expenses for keeping the stores, houses and buildings thereon in good repair, and for the collection of the rents, issues and profits thereof, I direct my executors to credit each of my said sons and daughters, and my two said grandsons, quarter yearly, with one equal share of the balance, if any at the end of each quarter, in every year during the term."

It is thus seen, that the executors of this will are constituted

trustees of an express trust under the statute already referred to.

The testator's wife, Martha E. Deraismes, his son, John A. Deraismes, and his son-in-law, Robert E. Dunham, are appointed executors by the will. The testator died in August, 1866, and the will was proved in October of the same year, when all the executors qualified and entered upon the discharge of their duties under the will.

On March 15, 1880, on affidavits of eight of the beneficiaries under the will, made and presented to the court at Special Term for that purpose, Robert E. Dunham was removed from his office of trustee under the will, and the case comes to us on appeal from that order.

We have already seen that these executors are made trustees of an express trust, and may be removed by petition or bill. Neither is there any difficulty in the removal of Dunham as trustee, and leaving him to exercise his functions as executor. (*Quackenboss* v. *Southwick*, 41 N. Y., 117.)

It remains to consider whether the power of removal has been judiciously exercised. It plainly appears that the relation sustained between this trustee and the other two are so unfriendly and hostile as to endanger the execution of the trust. They can neither consult in harmony, nor act in concert in relation to the estate, and it seems to be agreed that their differences are irreconcilable. These facts are sufficient of themselves to justify the removal of a trustee, without inquiry respecting the outgrowth of hostility. (Story Eq. Jur., § 1288.)

In this case, however, other reasons for the action of the court are found to exist. All the adult beneficiaries under the will join in the request for the removal of this trustee, and have stated many facts showing that his administration has been unfortunate and improvident. He has become inimical to all the beneficiaries except one who has not been consulted by reason of absence, and one who is a minor. He is in open hostility to his wife, who has obtained an absolute divorce against him, and ought not to be compelled to endure him as her trustee, or to have any business relation with him respecting the estate. He has no interest in the estate

except his annuity, and the remaining trustees are entirely competent to execute the trust, and they and the beneficiaries are in full harmony. There seems, therefore, to be ample reasons for the removal of this trustee, and the order appealed from must be affirmed, with costs.

BARNARD, P. J., concurred.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order affirmed, with costs.