### *In re* CHAPMAN.

(*Supreme Court, Special Term, Albany County.* September, 1888.)

TRUSTS—TRUSTEES—APPOINTMENT AND REMOVAL.

The *cestui que trust* claimed that a lease executed by the trustee was improvident, and should be set aside; that the rent was too small; that she had received nothing; that she had requested the trustee to take steps to set aside the lease, and he had declined. The trustee had sent her an account and his check for the balance shown to be owing her, but she had returned the check because the account contained no statement of taxes and insurance which ought to have been paid, after payment of which she would receive no income. In returning the check, she stated that all her business was done through her attorneys, (naming them,) to which the trustee replied that he was required to apply the income to her support, and did not feel justified in paying it to her attorneys. *Held* that, as the relations between the trustee and *cestui que trust* were not cordial, and as the latter was a married woman, and old enough to have some judgment as to her own interests, the trustee would be removed at petitioner's costs, no fault on his part being shown.

Application of Mary S. Wolfe to remove James R. Chapman as trustee.

*John T. Carr,* (*Edgar T. Brackett,* of counsel,) for petitioner. *Charles S. Lester,* opposed.

LEARNED, J. The petitioner unqualifiedly disclaims any charge against the moral character of the trustee, or against his responsibility. This should be stated at the outset. Briefly, the facts are that the trust was created in 1871. The present trustee was appointed in 1882, in place of a deceased trustee, who had by appointment succeeded to the trust. The trust in the whole of the property ceased in 1886; but there continued another trust in one undivided third for the petitioner for life, with remainder over to her children. In 1880 a lease of the property was made by the then trustee for five years, with the privilege of renewing for five years, to McCaffrey, for $5,000 per annum. McCaffrey availed himself of the privilege. He died in 1886, and his widow (who is also the owner of one-third under the original deed) is now in possession. At the time when these moving papers were served, the trustee held the lease as security for a liability for McCaffrey, which has since been paid. The petitioner claims that the lease was an improvident one, and should be set aside; that the rent is too small; that she has received nothing; that she has requested the trustee to take steps to set aside the lease, and he declines. The trustee says that in July, 1888, he sent an account to the petitioner, and his check for $557.03, the balance, which check was returned by her. In reply to this, she calls attention to the fact that said account rendered in July, 1888, contained no statement of taxes which should have been paid January 1, 1888, or of insurance premiums, May, 1888, or of village

taxes, July, 1888. Whence the petitioner's counsel urges that, those being paid, she would receive no income. In returning the check to the trustee, Mrs. Wolfe wrote him that all her business was done through her attorneys, (naming them.) To this the trustee replied that by the terms of the trust deed he was to apply the income to her support and maintenance, and that he did not feel justified in paying it to her lawyers. This correspondence shows that there is a want of cordiality between the trustee and Mrs. Wolfe. It further appears that during the first five years of the lease McCaffrey made a considerable addition to the building, and also furnished the hotel with necessary furniture at an expense of some $30,000. It also appears that McCaffrey was indebted at his death for the rent, payable October 1, 1886, which has not been paid, and which the present occupant refuses to pay. The question whether the lease, when made, was improvident, is important, not as affecting this trustee directly, because he did not make it, but as showing that it was not judiciously made, and should now be set aside under the equitable power of the court. As the trust-estate in two-thirds of the property has ceased by the death of Harriet Perry and the maturity of Helen A., a question is made whether the lease, as to those two-thirds at least, has not ceased. 1 Rev. St. p. 730, §§ 65, 67. But see *Greason* v. *Keteltas*, 17 N. Y. 491. Or, if the lease was valid at law, whether it would not be held improvident in equity. It seems undoubted that the property would now rent for more than the rent received. But that does not necessarily show that it was ill-advised at the time. That question I cannot pass upon here, and I express no opinion. But this question the petitioner desires to try, and the trustee does not think it best to do so. Possibly, also, the petitioner may think that lease forfeited for non-payment of rent. At any rate it appears that the views of the petitioner and those of the trustee differ as to the proper management of the trust in respect to this lease, and also that there is a want of harmony between them. Now, this trust is solely for the petitioner's benefit. No one else has any interest in it. She is a married woman, old enough to have some judgment as to her own interests. If another trustee be appointed, he will enter on any litigation without careful advice, but he may be more ready to consider the wishes of the petitioner. It seems to me just, therefore, that she should have the trustee whom she desires, supposing him to be a suitable person, and this without casting any blame on the present trustee. *Quackenboss* v. *Southwick*, 41 N. Y. 117; *Case of Morgan*, 63 Barb. 621; *Deraismes* v. *Dunham*, 22 Hun, 86. If she should induce her new trustee to commence a litigation which should prove to be unwise, and should cause a loss to her, that will be her own fault, and she will have to bear the consequence. I have no reason to think that she is incompetent to judge on such matter, although, like every one else, she may judge unwisely, and suffer thereby. And it may be noticed here that as to one-third the lease seems to have merged in the fee, so that naturally Mrs. McCaffrey makes no complaint as to the rent being small. As to the other third nothing appears except that the trust has ceased. Mrs. McCaffrey, then, is interested in having the lease at its present alleged low rent, and even the trustee, at the time when these proceedings were commenced, held the lease as security, and at that time had an interest against having it set aside. I think, therefore, that there should be granted an order removing the present trustee, and appointing in his place the trustee named in the petition. The petitioner must pay the trustee $10 costs of this motion, because the motion is granted only on her request, and for no fault of his. The usual order of reference to pass the amounts of the trustee.