In re LAING.

(Supreme Court, Appellate Division, Second Department.   March 8, 1901.)

TRUSTS—WILLS—APPOINTMENT OF NEW TRUSTEE—POWER OF COURT.

A will created a trust in testator's executors in favor of his daughter, and on the death of the latter it was adjudged that the trust fund belonged to testator's heirs, and should be allotted to them. Thereafter the trustees died, and an heir and devisee prayed the appointment of a trustee to distribute the property among the interested parties, 34 in number, as authorized by the will. *Held*, that an order of the supreme court appointing such a trustee was authorized by Laws 1882, c. 185.

Appeal from special term, Kings county.

Application by Emily M. Laing for the appointment of a trustee under the last will of James Ferris, deceased. From an order denying a motion for reargument, Henry Ferris appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

P. A. Hargous, for appellant.
Irving Washburn, for respondent.

GOODRICH, P. J. This appeal involves the question whether the special term was justified in appointing a new trustee of a testamentary fund in place of Claiborne Ferris, deceased. The appellant claims that there is no necessity for any appointment. Briefly stated, the essential facts are that James Ferris, by the ninth clause of his will, created a trust fund for his daughter, Sarah, in the hands of Claiborne Ferris and others, his executors. They are now all dead. By a judgment of the supreme court in 1897, in an action to construe the will, it was adjudged that as Sarah had died in 1889 this trust fund belonged to the heirs of James Ferris, and should be allotted to them. The fund remained in possession of Claiborne Ferris, undistributed, up to the time of his death, in 1899. In it is the sum of $5,333, received from the city on condemnation proceedings of property on Bayard street. The petitioner, one of the children of the testator, and a devisee under the will, prayed for the appointment of a new trustee, for the purpose of executing and carrying out the provisions of the ninth clause of the will; that is, to distribute the fund among 34 parties interested. Apparently, all these parties except the appellant assented to, or did not dissent from, the distribution of the fund through a substituted trustee; and the court appointed a new trustee, for the purpose of executing and carrying out the trust, and directed the sum of $100 costs to be paid to the petitioner out of the funds. A motion for a reargument was made and denied.

Upon the death of the trustees the trust devolved upon the supreme court, and the court had power to appoint a new trustee (chapter 185, Laws 1882), and its selection of a proper person is in a large measure a matter of discretion (Milbank v. Crane, 25 How. Prac. 193).

There seems to be no good reason for interference with the order of the special term, either as to the appointment of a new trustee or as to the allowance of costs, and the order should be affirmed, with costs. All concur, except SEWELL, J., taking no part.