In the Matter of the Application to Remove JULIUS ETGEN, as Trustee under the Will of WILLIAM H. BURGESS, Late of the County of Nassau, Deceased, Appellant.

CORA L. BURGESS, Respondent.

*Trust — removal of one of several trustees — lack of harmony — discretion of court.*

Appeal from an order made at the New York Special Term and entered July 12, 1911.

Order affirmed, with ten dollars costs and disbursements, on opinion of Bischoff, J., at Special Term.

The following is the opinion delivered at Special Term:

BISCHOFF, J.: It appears from the papers submitted upon this application that actual accord among these four trustees in the management of the trust estate is impossible. They certainly cannot be compelled to a state of harmony by order of the court, and it is clear that if they are required to act together the estate will probably suffer. Joint control of a trust estate by persons in continued dissension is not a condition to be favored, and to obtain harmony substitution appears to be the only course. The question is simply as to the choice of the person or persons to be removed. Three of the trustees, with the approval of all the life beneficiaries, pray for the removal of the fourth, the respondent, Mr. Etgen. Unquestionably, Mr. Etgen is qualified to perform the duties of a trustee, and nothing is, or apparently can be, suggested to assail his personal probity. To obtain the desired harmony of relation, however, the other three trustees must be removed if he is not, and the court cannot properly adopt such a course in disregard of the choice of all the beneficiaries, unless that choice is to be considered as clearly ill-advised. There is, in my view, no actual ground for a determination suggested by the respondent's papers that the majority of the trustees and the beneficiaries desire his removal in aid of a purpose to risk the capital of the estate by an authorized investment at a high interest rate. In the disputes upon the question of investments it may well be held that the majority of the trustees were wrong and that Mr. Etgen was right, but the attitude of the majority was based upon the assumption that the life beneficiaries, having power to appoint the whole remainder by the will — which power they had exercised — had control of the policy of investment. In this they were mistaken, but, being so advised, there appears to be no question for the court's assuming that they will persist in the policy condemned. As is suggested by the affidavit of the guardian *ad litem* for the contingent remaindermen, the matter is mainly one of the personnel of the trustee to be substituted. A business man of experience, not identified in interest with the life beneficiaries, may, of course, be chosen who will fully protect the remainder interests, and the circumstances certainly do not compel the retention of one particular trustee whose continuance as one of the four present trustees must result in avoidable discord. The friction appears to have first arisen through the fact that Mr. Etgen was employed by the firm of which the testator had been a member, and continued in that employment while seeking to perform the duties of executor under this will, one of which duties was to enforce the just claims of the estate as against the surviving partners. An inconsistency of relation thus arose, due to no fault of the present moving parties, but leading naturally to criticism, and in the end to sharp discord. The exercise of the court's discretion favorably to the application appears to be called for by the circumstances (*Quackenboss* v. *Southwick*, 41 N. Y. 117; *Deraismes* v. *Dunham*, 22 Hun, 86; *Pyle* v. *Pyle*, 137 App. Div. 568; 199 N. Y. 538), but the substitution of a new trustee in no way involves the court's disapproval of the respondent's acts as trustee, nor the slightest criticism of his motives. The case is one where the substitution must be ordered, having regard to the better administration of the trusts by all the trustees, and the court is not concerned with the actual quarrel of the parties. It suffices to say that the trustees as constituted cannot agree. All the parties presently interested in the estate

request a substitution, and the remainder interests will be adequately protected by the substitution of a trustee, with respect to those qualifications the court, before making the appointment, is to be advised by the guardian representing those interests. Motion granted and substitution of trustee directed as indicated.

