GEORGE A. POWERS, Individually and as Trustee for WILLIAM POWERS, Respondent, *v.* WILLIAM POWERS, Appellant, and Others, Defendants.

Second Department, October 24, 1919.

Trust — suit by testamentary trustee for accounting and to be relieved from trusteeship — discretion of court in appointing individual instead of trust company.

In a suit by a substituted trustee named in a will to have his accounts passed and to be permitted to retire from the trusteeship, none of the adult defendants appeared by attorney or answered the complaint but the guardian *ad litem* for the infant defendants filed the usual guardian's answer, and application for final judgment was made on notice to the guardian *ad litem* alone, and when the matter came before the court the only appearance was by the attorney for the plaintiff. Admissions of service of the summons and complaint by three of the defendants, namely, the life beneficiary, one of his sons who is entitled to a life estate on the death of his father, and a sister of the original testator who had a remote contingent interest as heir at law, contained a request that a trust company be appointed to succeed the plaintiff upon his retiring, but the complaint contained no suggestion that said trust company be appointed, and the infant defendants and five of the adult defendants made no suggestions or requests, nor was there anything in the papers presented to the court to show that the trust company had any connection with the estate.

*Held*, that on the record before the judge at Special Term there was not an abuse of discretion by the court in appointing an individual as substituted trustee instead of the trust company.

APPEAL by the defendant William Powers, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 31st day

of July, 1919, in so far as said judgment appoints a successor or substituted trustee in the place and stead of the plaintiff, and directs the payment and delivery to such substituted trustee of the moneys and properties of the trust estate.

The judgment was entered upon the decision of the court after a trial at the Kings County Special Term.

*Charles A. Capron* [*Henry C. Eldert* with him on the brief], for the appellant.

*Meier Steinbrink* [*Frank E. Johnson, Jr.*, with him on the brief], for the substituted trustee, respondent.

*Robert C. Moore*, guardian *ad litem* for infant defendants.

KELLY, J.:

The only question involved in this appeal by one of the defendants is the selection of the individual substituted or successor trustee named in the judgment to execute a trust created by the will and codicil of George A. Powers, deceased, proved before the Surrogate's Court of Kings county in the year 1900. By that will and codicil the testator constituted several separate trusts, one of which, involved in the present action, was for the benefit of his son, the defendant William Powers, and his descendants. The plaintiff, himself a successor or substituted trustee named in the will, brought this action to pass his accounts and asked that he might be permitted to retire from the trusteeship. The defendant, appellant, is entitled to the income of the trust estate for life; at his death the trustee is directed to divide the trust estate into as many separate shares as shall equal the number of children of William living at his death, and to hold one of such shares during the life of such child, paying the income to the child. Upon the death of each child the property so held in trust shall become the property of his or her surviving descendants, if any, to whom the testator devises the same in and by the will and codicil, and if there are no such descendants the property is to go to the heirs at law of the testator.

In this action none of the adult defendants appeared by attorney or answered the complaint. A guardian *ad litem*

was appointed for the infant defendants, who filed the usual guardian's answer. Application for final judgment was made on notice to the guardian *ad litem* alone, and when the matter came before the court the only appearance was by the attorney for the plaintiff. There was no opposition to the motion for final judgment, and plaintiff's attorney submitted the summons and complaint, an affidavit of regularity, affidavits of service, the answer interposed in behalf of the infant defendants, admissions of service of the summons and complaint signed and acknowledged by three of the defendants, viz., William Powers, the life beneficiary, Robert D. Powers, one of his sons, who is entitled to a life estate on the death of his father, and Georgianna Keep, a sister of the original testator, who had a remote contingent interest as heir at law. In these admissions of service the defendants William and his son stated that plaintiff's accounts as rendered were correct, and William consented to the entry of a decree forthwith and without further notice to him, while each admission of service contained a request that the Farmers' Loan and Trust Company of the borough of Manhattan, New York city, be appointed trustee to succeed the plaintiff upon his retirement. It will be noted that the complaint contains no suggestion that the trust company be appointed successor trustee; it is not claimed that the plaintiff's attorney, who appears from the will and codicil to have been a witness to both instruments, made any request or suggestion; the infant defendants and five of the adult defendants made no suggestions or requests, nor is there anything in the papers presented to the Special Term to show that the trust company had any connection with the estate. The judge presiding at the Special Term granted the motion and appointed an individual trustee of his own selection. The judgment was duly entered upon the clerk's minutes and filed in the county clerk's office. After the judgment was thus signed, entered and filed, the defendant William Powers retained counsel, who are also counsel for the trust company, and counsel prepared a notice of appearance which they forwarded by mail to the justice requesting that the trust company be appointed instead of the gentleman selected by the court, and upon the refusal of the justice to alter the judgment this appeal is taken. Upon the argument of the appeal the

guardian *ad litem* appeared and filed a brief, stating that in his opinion it is proper that the trust company should be appointed and so far as it is within his province he urges that it be done. The counsel for the appellant expressly states in his points that it is not intended in any way to reflect upon the gentleman named by the court as successor trustee. The appeal is based upon the claim of the appellant that the appointment of the individual, instead of the trust company suggested by the appellant and one of his sons and his sister, was an abuse of the discretion vested in the court, and that the appointment of an individual trustee involved the trust estate in expense for premiums on surety bond, if the individual trustee should give corporate surety, and for clerk hire and ordinary office expenses attendant upon the management of large trust estates by individuals. Counsel asserts that the appointment of the substituted trustee was made in disregard of the wishes of the three parties named, in an arbitrary and unauthorized manner. " They," he says, " are the beneficial owners of the property and it is only reasonable that they should be authorized to nominate the agent or trustee who is to manage the property for them." It is hardly exact to say that the three defendants who made the suggestion are the beneficial owners of the property, because the defendant William Harold Powers, a son of the appellant, did not join with his father and brother in suggesting the appointment of the trust company. And the infants and five of the adult defendants (including William Harold Powers) made no nomination. The appellant says in his brief filed, that while the appointment of the substituted trustee was largely within the discretion of the court (citing 39 Cyc. 283, n. 15, and cases cited; *Matter of Laing*, 59 App. Div. 612; affd., 170 N. Y. 621; *Milbank v. Crane*, 25 How. Pr. 193), such discretion is not an arbitrary one, and the court will always give due weight to the wishes of those chiefly interested, except when there is some question of fitness of the suggested appointee or when the beneficiaries fail to agree. (Citing *Quackenboss* v. *Southwick*, 41 N. Y. 117; *Matter of Morgan*, 63 Barb. 621; affd., 66 N. Y. 618; 39 Cyc. 282.) In all of this we can agree with the counsel for the appellant, but we must not lose sight of the record before the judge at Special Term when the application was presented to him. The

responsibility for the selection of the new trustee was not assumed by the parties interested, but was put upon the court. The adult defendants had defaulted in answering, they were not represented by attorney or counsel nor were the infants represented. If the matter was deemed important, the reasons for the propriety of the appointment of the trust company should have been explained to the court by affidavit and the request of the adult defendants should have been presented in a duly executed document signed by all of them, or if any of them refused to sign the reasons should have been given. The attitude of the infant defendants should have been placed before the court at the time, and all of these papers should have been recited in the judgment and filed with the judgment roll as matters of record. As it was, the judge at Special Term was asked to accede to an informal suggestion of but three of the defendants without information or proof of the desires of the other parties interested, if they had any desire in the matter. And the only party appellant is defendant William Powers, represented by the counsel for the trust company, who frankly states in his points on appeal: " We have never represented the defendant-appellant, Mr. William Powers, before, although it is true that members of this firm had known Mr. Powers and other members of his family." And counsel states that his firm did not know the action was pending until after the application for judgment had been made. Under these circumstances, while we do not agree with some of the reasons advanced by the learned counsel for the respondent for the appointment of the individual trustee, we cannot say on the record that there was any abuse of discretion on the part of the learned justice at Special Term, if, indeed, he had any power to alter without notice a judgment duly entered and filed in the clerk's office prior to the appearance of the appellant by counsel.

It follows that the judgment should be affirmed, but without costs.

MILLS, RICH, BLACKMAR and JAYCOX, JJ., concurred.

Judgment affirmed, without costs.