PIERRE W. WILDEY, as Trustee, etc., of GERTRUDE C. KEARNY and Others, Respondent, *v.* ROBERT E. ROBINSON and Another, as Executors, etc., of JOSEPH R. KEARNY, Deceased, Respondents; LUCIA L. KEARNY, Appellant.

*Determination of a referee as to costs, how reviewed — power of the Supreme Court to appoint a successor to a deceased trustee — effect of an unauthorized appointment — contract between a trustee and his cestui que trust — double commissions to an executor and trustee.*

The disposition made by a referee, as to the costs of an action, cannot be brought up for review upon appeal if no exceptions have been filed to the conclusion of the referee and the decision of the court in respect to such costs.

Under the provisions of the Revised Statutes the Supreme Court has no power to appoint a new trustee upon the death of the surviving trustee of an express trust. The trust, if then unexecuted, vests in the Supreme Court with all the powers and duties of the original trustee, and will be executed by any person appointed for that purpose under the direction of the court.

Where the Supreme Court attempts to appoint a trustee, although it had no power to make such appointment, the person designated as trustee will be deemed to be a person appointed by the court for the purpose of executing the trust under its direction.

A trustee, in order that he may establish and claim a benefit from a contract with his *cestui que trust,* must show that the contract is just and fair, and that the *cestui que trust* understood his rights, and that the making of· the contract was a voluntary and intelligent action on the part of such *cestui que trust.*

An agreement between a trustee and his *cestui que trust* whereby the trustee is to receive commissions in excess of the amounts allowed by law, where it appears

that all the duties which the trustee was to perform by reason of such agreement he was in duty bound to perform by virtue of his office, is void for want of consideration.

Where the two functions of executor and trustee coincide and run from the death of a testator to the final discharge of the person exercising such functions, inseparable and blended together, double commissions or compensation in both capacities should not be allowed; but where the duties are distinct, and where, by a judicial decree, the executor has been wholly discharged as such, and is left acting and liable only as trustee he will be entitled to his commissions as trustee; it is only in those cases in which the executor cannot be discharged as executor and be left acting and liable only as trustee, and when both offices, from the necessity of the case, remain in existence, that the right to commissions as trustee must be denied.

Appeal by the defendant Lucia L. Kearny from so much of a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of April, 1894, upon the report of a referee, as allows to the defendants Robert E. Robinson and another, as executors, etc., of Joseph R. Kearny, deceased, a certain sum as commissions to which their testator was entitled and overruled the exception of the appellant to the report of the referee allowing commissions, and also from so much of such judgment as directs that the costs and allowances be charged wholly against the income of a certain trust, and also from so much of said judgment as allows to the executors·commissions in excess of the rate allowed by law.

*R. L. Maynard*, for the appellant Kearny.

*W. T. Emmet*, for the executors, respondents.

*H. S. Ogden*, for the plaintiff, respondent.

Van Brunt, P. J.:

This action was brought for the appointment of a trustee to succeed Joseph R. Kearny, deceased, who was at the time of his death the sole surviving trustee of the estate of Philip R. Kearny, deceased, and also to obtain a judicial settlement of the account of said deceased trustee. Upon the trial of the action the court appointed a new trustee and ordered a reference for the purpose of taking and stating the accounts of the deceased trustee. The referee took the account of the deceased trustee, and exceptions were filed to the amount of certain commissions allowed by him and to the allowance of others.

Upon this appeal it is sought to bring up for review the disposition of the referee as to the costs. But we do not understand that any such question can be here presented, because no exceptions have been filed as to the conclusion of the referee and the decision of the court in respect to these costs, and this point of the case will not, therefore, be discussed.

It may be proper to call attention to the fact that under the Revised Statutes there does not seem to be any power in the court to appoint a new trustee. The provision of the statute is (§ 68, vol. 1, p. 730), upon the death of the surviving trustee of an express trust, the trust estate shall not descend to his heirs nor pass to his personal representatives, but the trust, if then unexe- cuted, shall vest in the Court of Chancery, with all the powers and duties of the original trustee, and shall be executed by some person appointed for that purpose under the direction of the court. There is no provision in the statute authorizing the court to divest itself of the trusteeship, but it may appoint some person as its agent under its direction to execute the same. There seems to be no power to appoint a new trustee except in the case of a trustee resigned or removed ; and that there is a distinction between the appointment of a new trustee and the execution of a trust devolving upon the court by some person appointed for that purpose, seems to be emphasized by the provisions of section 71 of the statute, which is as follows : " The chancellor shall have full power to appoint a new trustee in place of a trustee resigned or removed, and when, in con- sequence of such resignation or removal, there shall be no acting trustee, the court, in its discretion, may appoint new trustees or cause the trust to be executed by one of its officers under its direc- tion," there evidently being a distinction between the appointment of a new trustee and the execution of the trust by the court through the instrumentality of some person appointed by it.

It has been held, however, that the attempt to exercise the greater power was a valid exercise of the lesser ; and that, where the court has attempted to appoint a trustee, although it had no power to make such appointment, the person designated as trustee would be deemed to be a person appointed by the court for the purpose of executing the trust under its direction.

The referee allowed the trustee, upon this accounting, commis-

sions at the rate of five per cent upon all the income of the trust received and paid out by him. This ruling of the referee is founded upon two papers executed by the appellant, whereby she promised to allow to the acting executors of the will of her husband commissions of five per cent for receiving and paying out all sums of money ; and subsequently she executed a written agreement, whereby she agreed to allow to the acting executors and trustees a compensation of five per cent for receiving and paying out all sums of money.

It is claimed upon the part of the appellant that these agreements are void for want of consideration, and because of the relations existing between the trustees and the appellant, who was their *cestui que trust*. It is a familiar principle that a trustee, in order that he may establish and claim a benefit from a contract with his *cestui que trust*, must show that it is just and fair ; that the *cestui que trust* understood his rights, and that it was a voluntary and intelligent action of such *cestui que trust*. No evidence in this respect was furnished on behalf of the representatives of the deceased trustee ; and it would further appear that no charges for commissions were made by the said trustee in respect to this income during his life subsequent to his accounting as executor before the surrogate in July, 1873.

It seems also to be perfectly clear that the agreement in question was void for want of consideration. All the duties which the trustees performed, or were to perform, by reason of these agreements, they were in duty bound to perform by virtue of their office. It does not appear under what circumstances these agreements were given, or that any consideration whatever passed from the trustees to the *cestui que trust* upon which the validity of the instruments could be based. We think, therefore, that the referee erred in giving any effect to these agreements as they were without consideration.

It is claimed upon the part of the appellant that the trustees as such were not entitled to commissions upon the principal of the estate which came into their hands as trustees, and our attention is called to various adjudicated cases in which it has been held that persons are not entitled to receive double commissions. These cases seem to hold that where the two functions of executor and trustee coincide and run from the death of the testator to the final discharge, inseparable and blended together, double commissions or

compensation in both capacities may not be allowed. But it has been expressly recognized in the decision which has been referred to that where the duties are distinct, and where by judicial decree the executor has been wholly discharged as such, and left acting and liable only as trustee, he will be entitled to his commissions as trustee (*Johnson* v. *Lawrence*, 95 N. Y. 162); and it is only in these cases, in which the executor cannot be discharged and be left acting as trustee, but both offices from the necessity of the case remain in existence, that the right to commissions as trustee must be denied.

In the case at bar, there has been a judicial determination that the duties of executor and trustee are not so blended that they cannot be separated but both must continue to the end of the trust. The executor, Joseph R. Kearney, has accounted as such upon notice to all the parties interested in the estate, and he has been finally discharged from all further liability and responsibility as such executor, and his office of trustee continued. With this judicial determination and this discharge of the executor, as having completed all the duties devolving upon him as such executor, it is difficult to see how the offices of executor and trustee could be more effectually severed.

We think, therefore, that the exception in question was rightly overruled. There are other points which are attempted to be raised in reference to the right of the trustee to the commissions. But as they are not raised by exceptions, they are not properly before the court. It may be proper to say, however, with respect to the alleged release which seems to have been relied upon, that there is not the slightest evidence that any such release was ever delivered. It was found amongst the papers of the deceased trustee after his death, and is void for want of consideration and want of due execution by delivery.

We are of opinion that the decree should be modified in the respect above mentioned and, as modified, affirmed, without costs to either party.

Parker, J., concurred.

Decree modified as directed in opinion and affirmed as modified, without costs to either party.