## WETMORE v. WETMORE et al.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

1. TRUSTS—APPOINTMENT OF TRUSTEE—JURISDICTION—PLEADING.
   Where a judgment in a proceeding for the disposition of a trust fund authorized plaintiff to apply for such further relief as was necessary to enforce her rights thereunder, the fact that she entitled a subsequent application for the appointment of a trustee in such previous proceeding was immaterial, where the petition contained all the facts necessary to confer jurisdiction, and all parties interested in the trust were before the court.

2. SAME—ORDER.
   Under Laws 1897, c. 417, § 8, and Laws 1882, c. 185, authorizing the supreme court "to appoint its agent" to execute a trust on the death of the original trustee, an order appointing a new "trustee," who shall be vested with all the powers of the deceased trustee, in as full a manner as the original trustee, while irregular in the designation of such subsequent appointee, is in substantial compliance with the statute.

Appeal from special term, New York county.

Action by Annette B. Wetmore against Sarah Taylor Wetmore, individually and as trustee under the will of Samuel Wetmore, deceased, and others. There was an order appointing a substituted trustee on the application of plaintiff at the foot of the judgment, and William B. Wetmore appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas P. Wickes, for appellant.
Flamen B. Candlor, for respondent.

PATTERSON, J. This is an appeal from an order appointing a corporation to administer the unexecuted provisions of a trust on the death of a surviving trustee. In an action between the plaintiff, the surviving trustee, and other parties, a judgment was entered relating to the disposition of the income of the trust fund. By that judgment the net income of the fund was directed to be paid, for certain purposes, to the plaintiff, and there was also contained in it a provision that the plaintiff should have leave from time to time to apply at the foot of the judgment for such relief as might be necessary to enforce the rights of the plaintiff thereunder. The order now appealed from was made upon a motion entitled in this action, and, according to the notice of motion, in pursuance of the provision last referred to.

It is objected that the court did not acquire jurisdiction in consequence of the application being made in that form, but that objection is altogether immaterial. The application was made upon the petition of Annette B. Wetmore, who was directly interested, under the judgment, in the preservation and execution of the trust for the purposes of the judgment. The petition contains a statement of all the facts necessary to confer jurisdiction, and merely entitling it in the action does not affect the substance of the application, nor the right of the court to make an appropriate order, the facts being before it. All those who are interested in the trust were before the court, and had full opportunity to be heard and have their interests protected.

The order as made is, in substance, correct. Upon the death of the trustee, the trust devolved upon the supreme court, and thereupon it became the duty of the court to appoint some one to execute that trust, and invest the appointee with all or any of the power and duties of the original trustee. Laws 1897, c. 417, § 8. With respect to trusts of personal property, a similar provision of law has existed since the statute of 1882 (Laws 1882, c. 185), before which trusts of personal property upon the death of a trustee devolved upon the personal representative or next of kin of the deceased trustee. The order appealed from is inartificially drawn, in that it appoints a new trustee in the place and stead of the deceased trustee. That is an irregularity, at most, and one which is very common in proceedings of this character; for even the learned judges of the court of appeals have failed to give effect to the exact language of the statute, and speak of the duty of the supreme court to appoint new trustees to execute a trust on the death of an original trustee. Royce v. Adams, 123 N. Y. 402, 25 N. E. 386; In re Carpenter, 131 N. Y. 86, 29 N. E. 1005. The power of the supreme court is to appoint its agent to execute the trust, but the inaccurate designation of the name by which that agent is to be known does not invalidate the order of

appointment. In re Tousey, 2 App. Div. 571, 37 N. Y. Supp. 1025; Faile v. Crawford, 30 App. Div. 541, 52 N. Y. Supp. 353. The better practice in drawing an order of appointment is to conform to the language of the statute. In the order appealed from its essential requirement is followed, but not in form as it should be expressed. The order provides that the New York Life Insurance & Trust Company shall be vested with all the powers of the deceased trustee, "and in as full and ample a manner, and with the same power and authority, as though the said trust company had been originally in the said will," etc. The order should be reformed by so molding its provisions that it shall recite that the trust company named is appointed by the supreme court to execute the trust, and is invested with all the powers and duties of the original trustee under the instrument creating the trust.

With that modification, the order must be affirmed, without costs to either party on this appeal. All concur.