In the Matter of the Application of CAROLINE MCCOON GUNTHER, Appellant, for the Appointment of a Trustee of the Trusts Created for Her Benefit by the Last Will and Testament of CORNELIUS MCCOON, Deceased, in the Place and Stead of FREDERICK W. GUNTHER, Sole Trustee, Deceased.

EDITH MCCOON and Others, Respondents, Appellants; ROBERT LEE MORRELL, Person Appointed to Execute Trust, Respondent.

First Department, May 27, 1921.

Trusts — appointment of successor trustee — power of court on death of sole surviving testamentary trustee — vesting of trust in Supreme Court by virtue of Personal Property Law, § 20 — order of appointment should not invest trust property in trustee — discretion of court in appointment of successor trustee — duty of court to respect request of all parties interested for appointment of corporate trustee.

In the case of the death of a sole surviving trustee of a testamentary trust, the trust, by virtue of section 20 of the Personal Property Law, vests in the Supreme Court and shall be executed by some person appointed by the court who is invested by it with any or all of the powers and duties of the original trustee, but with the trust still remaining vested in the court.

Accordingly, it was improper for the court in appointing a successor trustee of the trusts in question in the place and stead of the deceased sole trustee, to vest him " with all the estate given and bequeathed by said will * * *

as if the said * * * [successor trustee] had been originally named in said will as executor thereof and as sole trustee of said trusts * * *," but the form of the order is a mere irregularity and may be modified to express the statutory character of the power conferred.

While the power is resident in the court alone to appoint an agent to carry out the unexecuted trust, and while the parties in interest cannot upon consent oust the court of its power of selection by compelling it to appoint any one upon whom they may agree, the discretion of the court in appointing an agent should be exercised with due regard to the reasonable wishes of those entitled to the income and ultimate ownership of the principal of the trust fund.

Accordingly, where it appeared in proceedings for the appointment of a successor trustee that the beneficiary under the trust and all persons interested and entitled to the ultimate ownership of the principal of the trust fund asked the court to appoint a specified trust company as trustee and stated as their reasons for desiring the appointment of a corporation as trustee the inconvenience and expense attendant upon the appointment of individuals as trustees due to death or resignation thereof and subsequent appointment of new trustees and the stability in the management and control of the trust estate by a corporation, it was error for the court to appoint an individual as successor trustee contrary to the wishes and express desires of all the parties.

While the court was not bound to appoint the particular corporation selected by the parties as trustee, a corporate agent should have been appointed to carry out the unexecuted trust.

APPEAL by Caroline McCoon Gunther and others from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of January, 1921, appointing Robert Lee Morrell sole trustee of certain trusts created by the last will and testament of Cornelius McCoon, deceased, as successor to Frederick W. Gunther, deceased, sole trustee, and also from an order entered in said clerk's office on the 5th day of January, 1921, denying a motion for a reargument and to vacate said first order and for the appointment of the Guaranty Trust Company as such trustee.

*Wilson W. Thompson* of counsel [*Eastman & Eastman,* attorneys], for petitioner, appellant, Caroline McCoon Gunther.

*William Greenthal,* special guardian for the respondent, appellant, Carolyn Frances McCoon.

*Theodore F. Humphrey* of counsel [*Murray, Ingersoll, Hoge & Humphrey*, attorneys], for the respondents, appellants, Alice McCoon, as general guardian of Carolyn F. McCoon, and Edith McCoon.

*Robert Lee Morrell*, respondent in person.

DOWLING, J.:

The testator, Cornelius McCoon, died on January 13, 1884, leaving a will and six codicils thereto. Thereunder certain trusts were created, including the one giving rise to this proceeding, which was set forth in the 4th paragraph of the will, and was for the benefit of his daughter, Caroline Augusta McCoon, the petitioner herein, now known as Caroline McCoon Gunther, who is entitled to the income of the trust estate for life. The will and codicils were duly admitted to probate by the Surrogate's Court of New York county on January 28, 1884. Thereunder four executors and trustees were appointed, one of whom, Benjamin B. Sherman, never qualified and died on May 2, 1885. The other three executors and trustees qualified and acted, but one of them, Jacob K. Lockman, resigned on April 15, 1887, and died on March 22, 1904. A third executor and trustee, Catharine Adelia McCoon, died on November 24, 1905. The last surviving executor and trustee, James Henry McCoon, son of testator, was subsequently judicially declared to be of unsound mind. His letters testamentary accordingly were revoked by the Surrogate's Court on February 15, 1906; he was removed as trustee by the Supreme Court on July 27, 1906, and he died on December 9, 1906. Thereupon Frederick W. Gunther, the husband of the petitioner was, on July 27, 1906, appointed by the Supreme Court to execute the trust for her and acted in that capacity until his death on February 17, 1920. It was to secure the appointment of his successor as trustee that this proceeding was brought.

The other next of kin of the testator and the remaindermen of Mrs. Gunther's trust estate are Edith McCoon and Carolyn Frances McCoon, the latter an infant over eighteen years of age, they being granddaughters of testator, the only issue of his son James Henry McCoon. The trust fund held for

Mrs. Gunther's benefit during her life has been increased by one-third of a trust fund created for the benefit of her sister Mrs. Annie A. Waterbury, who died July 17, 1905, without issue.

The trust estate of the petitioner now amounts to $213,000, all invested in guaranteed bonds and mortgages the gross annual income from which is $10,130.

On September 30, 1920, the petitioner made application to the Supreme Court for the appointment of a trustee, setting forth in her petition all the facts relating to the trust estate and concluding by stating:

" That by reason of the death of said Frederick W. Gunther who was the sole trustee of said trusts, it has become necessary for the protection and preservation of said trust estates, and for the protection of the interest of your petitioner as life beneficiary thereof, and for the protection of the remainder interests therein of said Edith McCoon and Carolyn F. McCoon, that some competent person or corporation, or both, be appointed by this Court as trustee or trustees of said trusts in the place and stead of said Frederick W. Gunther, deceased.

" Wherefore, your petitioner prays that the Guaranty Trust Company of New York be appointed the new trustee of the trusts created for the benefit of your petitioner, Caroline McCoon Gunther, by the will of Cornelius McCoon, deceased, as successor to, and in the place and stead of the said Frederick W. Gunther, deceased, with all the authority and power given by said will of Cornelius McCoon, deceased, to the executors and trustees therein named, as though the said Guaranty Trust Company had been originally named in said will as Executor thereof and trustee of said trusts; that an order of this Court be made, requiring the said Edith McCoon and Carolyn F. McCoon and said Alice M. McCoon, as guardian of the property of said Carolyn F. McCoon, to show cause why the prayer of your petitioner should not be granted; and that your petitioner have such further or other decree, order or relief in the premises as may be just and proper."

To this petition was annexed the consent of the Guaranty Trust Company to act as such trustee.

An order to show cause was issued, upon the filing of the

petition and consent, directing Edith McCoon, Carolyn F. McCoon and Alice M. McCoon, as the general guardian of the property of Carolyn F. McCoon, an infant, to show cause why the prayer of the petitioner should not be granted. Thereafter, by order of the Supreme Court, William Greenthal was appointed special guardian for Carolyn F. McCoon in the proceeding, on the petition of her mother, showing that the daughter was then over seventeen years of age. The special guardian duly qualified. Edith McCoon and Alice M. McCoon, as general guardian of the property of Carolyn F. McCoon, filed answers to the petition subscribed by their attorney and verified by them, admitting all the allegations therein contained, joining in the prayer of the petition and asking specifically for the appointment of the Guaranty Trust Company as trustee of the trusts created for the benefit of Caroline McCoon Gunther by the last will and testament of Cornelius McCoon, deceased. The answer of the special guardian was the usual answer interposed for an infant, submitting the rights and interests to the protection of the court. The special guardian also filed his report with the court wherein he stated that he had examined all the papers in the proceeding, including the consent of the Guaranty Trust Company, and found them correct. All these papers were recited in a proposed order, submitted to the court by the attorneys for the petitioner, and containing the name of the Guaranty Trust Company as trustee. The entry of the order was consented to in writing, at the foot thereof, by the attorney for Edith McCoon and Alice M. McCoon, as guardian of Carolyn F. McCoon. The learned court, however, without any notice to the attorneys of any objection to the order proposed, struck out the name of the Guaranty Trust Company wherever it appeared in the order and inserted the name of Robert Lee Morrell, as trustee, and required him to file a bond for the faithful performance of his trust with sufficient sureties in the sum of $20,000. The order so made was dated November 1, 1920.

Thereupon, attorneys for the petitioners, the special guardian and the attorneys for Alice M. McCoon, as general guardian of Carolyn F. McCoon, and Edith McCoon, moved " for leave to renew the motion heretofore made in the above entitled proceeding for the appointment of the Guaranty

Trust Company of New York, as successor trustee of and under the last Will and Testament of Cornelius McCoon, deceased; for a re-argument and re-hearing of the said motion; for the vacation, cancellation, setting aside and re-settlement of the order dated November 1, 1920, appointing Robert Lee Morrell, Esq., to execute said trusts, and generally for the relief prayed for in the petition herein, and in the annexed affidavits, and for such other and further relief in the premises as to the Court may seem proper."

In support of this application the petitioner made affidavit that " deponent desired the appointment of a Trust Company in preference to an individual for many reasons. That during the enjoyment of the trust estate herein by deponent as its sole life beneficiary, there have been several substitutions or appointments of trustees made necessary by reason of their death during the administration of the trust estate, and that deponent desired to avoid the trouble, annoyance and expense of any further unnecessary proceedings in the administration of this estate, and desires to be relieved from further anxiety in this matter. Without intending in any way to reflect upon Mr. Robert Lee Morrell, whom the Court has named, deponent alleges that if any individual were made successor trustee herein, she would feel it incumbent upon her to maintain vigilance with regard to the general management and administration of the trust estate.

" That deponent, because of the nature of the trust, and its purpose of creation, feels she should not be subjected to the trouble, annoyance and responsibilities of business, and believes that all such questions would be avoided by the appointment of the Guaranty Trust Company of New York.

" That the Guaranty Trust Company of New York is the largest and one of the most financially responsible trust companies in the world and has a well established reputation for skill and efficiency in the management of trust estates, and has a trained force able to administer such estates, with celerity, good business judgment and at a minimum of cost.

" That deponent is not acquainted with Robert Lee Morrell, Esq., the person designated by his Court in the place of

deponent's choice or selection, to wit: the Guaranty Trust Company of New York, and your deponent opposes his appointment, and hereby renews her request for the appointment of the Guaranty Trust Company of New York."

Mrs. Alice M. McCoon, mother of the remaindermen, Edith McCoon and Carolyn F. McCoon, made a supporting affidavit, which set forth that on the appointment of Frederick W. Gunther, husband of the petitioner, as trustee, he was required to give a bond in the sum of $250,000. She further set forth:

" That the said Carolyn Frances McCoon, although an infant, is of the age of seventeen years and upwards and will be eighteen years of age on the 25th day of January next; that she is a young woman of good education and good understanding and is and has been for several years past familiar with all of her financial affairs and with the details and affairs of the trust herein. That the appointment of the Guaranty Trust Company of New York was sought by said infant through deponent as her general guardian, with the full personal knowledge, consent and approval of said infant and also such nomination was, so far as is permissible by law, approved of and consented to by the guardian *ad litem* of said infant.

" That it was the unanimous wish of all the parties hereto, and they all agreed and now agree to the appointment of the Guaranty Trust Company of New York as such successor trustee. That upon the hearing heretofore had herein, no challenge was made as to the fitness, experience, skill and efficiency of said Guaranty Trust Company of New York to qualify and act and properly adminster the unexecuted trust herein.

" That the reasons why the petitioner, Caroline McCoon Gunther, the life beneficiary of said trust, has instituted this proceeding for the appointment of the Guaranty Trust Company of New York as successor trustee, and why deponent as such general guardian, and said infant, Carolyn Frances McCoon, and the respondent, Edith McCoon, have desired its appointment as such successor trustee are as follows:

" The Guaranty Trust Company of New York is duly authorized under the laws of the State of New York to act

as a testamentary trustee and as a successor trustee herein. It is the largest trust company in the world and is trustee of numberless estates of large size and importance, and has a well established reputation for skill and efficiency in the management of such estates and a trained force able to administer such trusts with celerity, good business judgment and at a minimum of cost.

" That by reason of the death or resignation of the four prior individual trustees, the trust estate herein has already been put to great expense and risk, and the life beneficiary and remaindermen have been greatly inconvenienced and their interests therein jeopardized. The appointment of The Guaranty Trust Company of New York was accordingly sought in part by the parties hereto in order that they might be assured that all necessity for any further substitution of a trustee would be avoided.

" Moreover for over fifteen years your deponent has maintained a bank account with such Trust Company and that each of her daughters has also an account with the same, and that she and her daughters have had many and satisfactory business transactions with said Company, and that for over fifteen years past she has continuously consulted with said Company in respect to investments; that she and her said daughters are personally acquainted with the officers and agents who would have immediate charge of the management of such trust estate.

" That each and all of the persons interested herein oppose the appointment of Robert Lee Morrell, Esq., as such substituted trustee. Mr. Morrell is a stranger to each and all of the parties hereto and he has no knowledge or familiarity with the trust herein, its condition or its prior history, or the wishes, conditions and circumstances of the parties interested herein.

" All of the parties interested in the trust have known and are on intimate relations with the Guaranty Trust Company of New York or approve generally of its selection. That said Company, as aforesaid, is the largest and one of the most financially responsible trust companies in the world.

" That your deponent believes that it would be for the best interests of the trust estate and the persons interested

therein that the relations existing between such persons and the trustee should be harmonious.

" That deponent believes that the appointment of the Guaranty Trust Company of New York would promote the execution of the trust and would tend to promote harmonious relations among all the parties interested.

" That your deponent further states that she believes that the appointment of the Guaranty Trust Company of New York would generally facilitate the execution of said trust and would avoid the disadvantages arising through the appointment of an individual with the uncertainty of his term of life, and with the additional expense necessarily attendant thereon."

She also set forth:

" That deponent verily believes that the matter herein was submitted to the Court in an informal way and that all of the facts hereinbefore set forth were not at that time, fully brought to the attention of the Court, and that the reasons for and the propriety of the appointment of the said Guaranty Trust Company of New York were not fully set forth in the papers before the Court and that they were not fully explained by affidavit or otherwise."

Edith McCoon, the adult remainderman, submitted an affidavit stating that all the statements contained in the affidavit of her mother were true, and that she desired the appointment of a trust company in preference to an individual as trustee, believing it would best serve the interests of the trust estate, in which several substitutions of trustees had already been necessitated by death. She also set forth that she was acquainted with the officers of the Guaranty Trust Company wherein she had a bank account, and in whom she had full confidence. She concluded by saying: " That deponent is not acquainted with Robert Lee Morrell, the person designated by this court, and opposes such appointment. That deponent has substantial rights in this proceeding and believes that her interest herein would be best served and protected by the appointment of The Guaranty Trust Company as successor trustee."

Carolyn F. McCoon, the infant remainderman, made affidavit that she would become eighteen years of age within

two months; that she was familiar with the nature of the proceeding and the purpose of its institution, and that she sought the appointment of the Guaranty Trust Company as successor trustee and opposed the appointment of Mr. Morrell, respectfully requesting the court to appoint the trust company.

The learned court, despite this application of all the parties interested in the estate, denied the motion.

At the outset it should be said that there is not the slightest reflection made by any of the appellants upon the character, the ability or the rectitude of Mr. Morrell. He did not seek the appointment as trustee herein, and his sole concern in defending the appeal is his feeling that it is his duty to sustain the order because of the confidence reposed in him by the learned justice who appointed him. The objections are not urged against him personally. They would apply with equal force to any individual trustee and are based on the desire of all the persons interested in the trust estate to avoid a repetition of the expense, annoyance and care to which they have been subjected by the unusually checkered history of this trust estate in its thirty-seven years of existence. Not only do they seek the stability and freedom from natural death of a corporate trustee but they have special reasons for desiring the appointment of the Guaranty Trust Company with which they have sustained continuing relations of trust and confidence. Moreover, they do not desire to be put to the expense of premiums on bonds and of successive accountings whenever a new individual trustee might be required. It seems to me that in view of the record of the happenings in this estate, the desire of the life tenant and the remaindermen to have a corporate trustee, removed from the vicissitudes of individual life, is quite reasonable and proper.

Of course, the responsibility for the appointment of a trustee herein rests with the Supreme Court. Section 20 of the Personal Property Law (as amd. by Laws of 1911, chap. 217) provides that " On the death of a last surviving or sole surviving trustee of an express trust, the trust estate does not pass to his next of kin or personal representative, but, if the trust be unexecuted, in the absence of a contrary direction on the part of the person creating the same, it vests in the Supreme Court and shall be executed by some

person appointed by the court, whom the court may invest with all or any of the powers and duties of the original trustee or trustees. The beneficiary or beneficiaries of the trust shall have such notice as the court may direct of the application for the appointment of such person; and the person so appointed shall give such security as the court may require, and shall be subject to the same requirements of law as to accounting and as to the administration of the trust as apply to testamentary trustees; and shall be entitled to such compensation for his services by way of commissions as may be fixed by any court which has power to pass upon his final account, which shall in no case exceed that now allowed by law to executors and administrators, besides his just and reasonable expenses in the matter in which he is appointed." As to real property a similar provision is made by section 111 of the Real Property Law (as amd. by Laws of 1911, chap. 216).

The learned respondent has called attention to the fact that the order is improper in form in that it purports to appoint a sole trustee of the trusts in question as successor to and in place and stead of the deceased sole trustee, and to vest him " with all the estate given and bequeathed by said will of Cornelius McCoon, deceased, in trust for Caroline McCoon Gunther, and with all the rights, powers, duties, privileges and benefits belonging or incidental to said trust, and as expressed and contained in said will, as if the said Robert Lee Morrell had been originally named in said will as executor thereof and as sole trustee of said trusts created for the benefit of said Caroline McCoon Gunther;" whereas under the statute, in case of the death of a sole surviving trustee, the court has no power to appoint a successor trustee, but the trust vests in the Supreme Court and shall be executed by some person appointed by the court who is invested by it with any or all of the powers and duties of the original trustee, but with the trust still remaining vested in the court. In this the respondent is quite correct and the court does not appoint a new trustee in this particular contingency, but simply an agent of the court to carry out the unexecuted trust. (*Wildey* v. *Robinson*, 85 Hun, 362; *Wetmore* v. *Wetmore*, 44 App. Div. 52; *Jewett* v. *Schmidt*, 83 id. 276; *Matter of Gueutal*, 97 id.

530.) The form of the order, however, is a mere irregularity, which could be modified to express the statutory character of the power conferred.

But while the power is resident in the court alone to appoint an agent to carry out the unexecuted trust, and while the parties in interest cannot upon consent oust the court of its power of selection by compelling it to appoint any one upon whom they may agree, the discretion of the court in appointing an agent should be exercised with due regard to the reasonable wishes of those entitled to the income and ultimate ownership of the principal of the trust fund. While they cannot impose their will upon the court, the court should not be entirely heedless of their desires in relation to the administration of the estate. The responsibility for the preservation of the estate is on the court, but that responsibility can be adequately discharged without doing violence to the unanimous wish of the parties interested as to the kind of an agent to be appointed, even if it does not yield to their selection of a particular agent. In this proceeding the reason assigned for asking the court to select a corporate agent seems to be sufficient to warrant the granting of the request. Upon the motion for a reargument herein the reasons were set forth at length why a trust company was desired to be appointed, and the suggestions made in *Powers* v. *Powers* (189 App. Div. 112) were all complied with, so that the objections which led to the conclusion of the court in that case were obviated here. The power of the appointment vested in the court to appoint trustees, while largely discretionary, is not to be exercised arbitrarily, but with due consideration of the wishes of those chiefly interested, except where there is some question of fitness of the suggested appointee, or where the beneficiaries fail to agree. (*Quackenboss* v. *Southwick*, 41 N. Y. 117; *Matter of Morgan*, 63 Barb. 621; affd., 66 N. Y. 618.)

While perhaps the original application did not sufficiently advise the court that a corporate trustee was desired and the reasons therefor, the affidavits submitted on the motion for reargument did fully set forth all the consideration which moved the parties in interest unanimously to ask for such a trustee, and in the exercise of sound discretion a corporate agent to carry out the unexecuted trust should have been

First Department, May, 1921.                    [Vol. 197

appointed by the court, though not necessarily the trust company suggested, if the court deemed it unsuitable and saw fit to name another which it thought would more properly administer the trust.

An important consideration for the selection of a corporate agent is the saving to the trust estate of the expense of the annual premium for the bond which an individual agent would be required to give. The amount of $20,000 fixed by the court was entirely inadequate for a trust estate amounting to $213,000 with an annual income amounting to $10,130. When the petitioner's husband was appointed substituted trustee of this trust, he was required to furnish a bond in the sum of $250,000. There is no reason why a stranger to the trust should not have been required to furnish a bond in at least the same sum, if not double the amount involved, and the annual expense for premiums on the bond, chargeable against the trust estate, would have very materially reduced the net income to the life tenant.

The orders appealed from will, therefore, be reversed, with ten dollars costs and disbursements to all parties separately appearing upon the appeal and filing briefs herein payable out of the trust estate; and the proceeding will be remitted to Special Term for the appointment of a suitable trust company as agent to administer the unexecuted trust pursuant to the provisions of section 20 of the Personal Property Law.

CLARKE, P. J., LAUGHLIN, MERRELL and GREENBAUM, JJ., concur.

Orders reversed, with ten dollars costs and disbursements to all parties separately appearing and filing briefs payable out of the estate, and proceeding remitted to Special Term for further action in accordance with opinion.