An executor will be removed on the application of his coexecutor where he fails to do his part in the management of the estate, and there are constant dissensions between the executors, and it is evident that his continuance in office will prejudice the best interests of the estate.

In the matter of the estate of James S. Wheaton. Application by an executor to remove the other executor on the ground of alleged misconduct. Application granted.

Wingate & Cullen, for petitioner, Emma C. Crowder.

Boote & Wheaton (Theodore H. Silkman, of counsel), for Joseph C. Wheaton.

CHURCH, S. This is an application by one of the executors of this estate to remove the other executor on the ground of alleged improper conduct of such coexecutor. The facts disclosed by the papers show, as is unfortunately frequently the case, that there are bitter dissensions in the family of the deceased, and that these two executors, although brother and sister, are wide apart, not only in their friendly relations, but also in the discharge of the duties of their office, and that every step taken in this estate seems to still further increase the friction between them; and the inevitable result of all this is harmful to the estate. It is impossible in any case of this character to say who is entirely blameless, but, without enumerating all the facts, it seems to me that in several of these instances Joseph C. Wheaton, the executor sought to be removed, has been to blame, and that he has not endeavored to do his share towards having a successful management of this estate, but, on the other hand, has rather sought

to annoy the executrix, Mrs. Crowder, in what should be done. One specific fact may be cited as showing the general tendency of his mind in this matter: It appears that, after the entry of a decree settling the accounts of these executors, Mrs. Crowder's attorney sent a letter to Mr. Wheaton's attorneys, requesting his signature to certain checks, and (under the mistaken belief that the bank account in the bank at Yonkers was in his individual name) requesting them to have Mr. Wheaton draw a check thereon to pay his own distributive share and also his attorneys' costs. It also contained the suggestion that, if it was necessary for Mrs. Crowder to countersign these checks, she was willing to do so. Neither he nor his attorneys complain of the character of this letter, but in a few days we find his attorneys, who represented him at that time (one of whom was his son), bringing a suit against the executor, Mr. Wheaton, and the executrix, Mrs. Crowder, to recover the costs referred to in the letter. This same son also appeared in court as one of the attorneys of record in this proceeding. Shortly after this suit was brought, we find the executor, Mr. Wheaton, writing a letter to Mrs. Crowder, threatening her that she would be compelled to pay the costs of such suit. If this suit was not actually connived at by this executor, Mr. Wheaton, he certainly has not used diligent efforts to dispose of the same, or prevent its being brought. It is a totally unnecessary suit, and it is plainly apparent that, if Mr. Wheaton had complied with the very proper request of Mrs. Crowder's attorney, the money would have been paid, also; and it is also apparent that Mr. Wheaton, the executor, has fully indorsed this action of his son and attorney. While the conduct of this executor, therefore, does perhaps not amount to absolute dishonesty, improvidence, or want of understanding, as referred to in sections 2685 and 2817 of the Code, yet it is conduct that is unquestionably prejudicial to the best interests of this estate, as it shows a settled purpose to disagree with the conduct of Mrs. Crowder, and every transaction concerning the settlement of this estate will undoubtedly be the subject of unseemly and improper bickering. Where such a condition of affairs exists, the courts have interpreted these sections of the Code as being broad enough to authorize the surrogate to remove the offending executor. Quackenboss v. Southwick, 41 N. Y. 117. "But it does appear that the relations between the appellant and his cotrustee, Quackenboss, are such that they will not probably co-operate in closing the trust beneficially to those interested in the estate. It is not very material to inquire how such relations originated, or by whose fault, unless such inquiry should of itself disclose that the conduct of one had been such as to render him disqualified to act as trustee. It is sufficient, to ascertain the fact, to warrant the removal of one, and the appointment of another in his place, to secure the faithful performance of the trust." Oliver v. Frisbie, 3 Dem. Sur. 22. The above case was quoted with approval. In Deraismes v. Dunham, 22 Hun, 86, the court says:

"It remains to consider whether the power of removal has been judiciously exercised. It plainly appears that the relations sustained between this trus-

tee and the other two are so unfriendly and hostile as to endanger the execu-
tion of the trust. They can neither consult in harmony nor act in concert
in relation to the estate, and it seems to be agreed that their differences are
irreconcilable. These facts are sufficient in themselves to justify the re-
moval of a trustee without inquiry respecting the outgrowth of hostilities."

It seems to me, therefore, that as Mrs. Crowder resides in this
county, where the bulk·of the real estate is situated, Mr. Wheaton
should be removed as executor and trustee, and that Mrs. Crowder
should be continued as sole executor and trustee of this estate. Let
an order providing for this disposition of the motion be presented
for settlement.

Application granted.