In the Matter of the Estate of Louisa Moglia, Deceased.

In the Matter of the Application of John Moglia and William Moglia for the Removal of Maria Moglia Repetti as Testamentary Trustee under the Last Will and Testament of Louisa Moglia, Deceased.

Surrogate's Court, Kings County, October 28, 1940.

*Robert J. Eliasberg,* for the cotrustee and the *cestui que trust,* petitioners.

*Gross & Keck,* for Maria Moglia Repetti, as cotrustee, respondent.

DODD, J., Acting Surrogate. The question here presented is whether the allegations of the petition are sufficient as against a motion to dismiss for failure to state an adequate basis for relief. On such a motion the allegations of the petition must be viewed in the most favorable light, and if any foundation for relief can be discovered, the motion for dismissal must be denied. (*Matter of Hearn,* 158 Misc. 370, 372; *Matter of Kirkman,* 143 id. 342, 343.)

The petition alleges that the respondent has managed the property in which the trust possesses an interest without consulting her cotrustee and has refused to make payment for necessary repairs ordered by her cotrustee. This is corroborated in an affidavit by the cotrustee.

It seems reasonably inferable from these allegations that the respondent has refused to co-operate with her cotrustee and has expressly excluded him from performing the proper duties of his office.

If such be the situation, and for the purposes of this motion it must be accepted as true, there is authority in the law for the removal of the respondent from office. (*Quackenboss* v. *Southwick,* 41 N. Y. 117, 122; *Deraismes* v. *Dunham,* 22 Hun, 86, 88; *Disbrow* v. *Disbrow,* 46 App. Div. 111, 114; affd., 167 N. Y. 606; *Matter of Wheaton,* 37 Misc. 184, 185.)

Prior to the recent amendment to section 99 of the Surrogate's Court Act by chapter 829 of the Laws of 1940, adding subdivision 9, doubt existed in some minds respecting the extent of the authority of the surrogate to remove a trustee for such reasons, although the authority of the Supreme Court in this regard was universally admitted. This court never shared this doubt, as is indicated by its observations in *Matter of Kirkman (supra,* 351).

This question of authority has now been removed from the realms of controversy by this enactment particularly when it is read in the light of the explanatory note appended to the bill at the time of its passage. This reads, " section 99, Surr. Ct. Act, has been amended so as to eliminate all doubt that the surrogate has jurisdiction to remove a testamentary trustee on the same grounds as those set forth in section 112 of the Real Property Law for the removal of a trustee by the Supreme Court."

When most favorably construed, the court is accordingly of the opinion that the allegations of the petition and supporting affidavit are sufficient to render it invulnerable to a motion to dismiss. Such motion will accordingly be denied and the issues raised by the answer must accordingly be set down for trial.

Proceed in conformity herewith.