■ In the Matter of the Construction of an Indenture of Trust, Made by CHARLES A. DANA. DAVID S. DANA, Appellant-Respondent; MANUFACTURERS HANOVER TRUST COMPANY, Respondent-Appellant.— Judgment, Supreme Court, New York County, entered April 24, 1973, modified to strike therefrom that portion which denies petitioner-appellant-respondent's application to compel respondent-respondent-appellant trustee to bear its own legal expenses, and to grant that application, on the law and the facts and in the exercise of discretion, and otherwise affirmed on the opinion of Justice Gellinoff, without costs and without disbursements. This proceeding involves construction of an *inter vivos* trust instituted in 1950 which required periodic distribution to the beneficiary and intermediate accountings. The court below has properly construed the clear provisions of the trust instrument to the effect that receiving commissions are not to take into account later increment in the value of the trust corpus. Distribution and intermediate accounting took place in 1960 and 1970. As to both, the trustee asserted a right to commissions calculated on the more lucrative base. The accounting was not disputed in 1960, and receipt and release were signed by petitioner from whom no relevant facts were withheld, and as to whom we find, as did the court below, that there was neither fraud nor overreaching. We agree that there is no basis for vacatur of the release and that it constitutes an effective bar to recovery of the commissions in the higher amount taken in 1960. As to 1970, petitioner retained counsel, resisted payment of the larger amount, refused to execute a receipt and release, and commenced this proceeding to vacate the 1960 release and compel return of the overpayment. We sustain the holding below that the larger commissions were improperly sought in 1970, and, but for the release given in 1960, would not have been permitted then. The bulk of the trustee's legal expense was incurred in its endeavor to secure the higher commissions, and, as to those paid in 1960, to retain them. Fairness demands that the trustee should not be reimbursed for expense incurred in endeavoring to defend what has been found to be indefensible. Even were we to assume that the expense of retaining the earlier payment is compensable, we find it impossible to make an allocation as between one set of expenses and the other, the factors to be considered in both having been virtually identical. We are compelled therefore to deny *in toto* the trustee's claim to recoup legal expense. Concur — McGivern, P. J., Markewich, Murphy and Steuer, JJ.; Nunez, J., dissents and would affirm on the opinion of Gellinoff, J., at Special Term.