■ DAVID OUYANG, Respondent, v SUSAN I. JENG, Appellant, et al., Defendants. [689 NYS2d 175] —In an action to recover possession of a cooperative apartment, the defendant Susan I. Jeng appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated January 20, 1998, as denied her motion for reargument and granted that branch of the plaintiff's cross motion which was to dismiss her first counterclaim.

Ordered that the appeal from so much of the order as denied the appellant's motion for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is reversed insofar as reviewed, and

that branch of the plaintiff's motion which was to dismiss the appellant's first counterclaim is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appellant and the plaintiff were divorced in 1986. The judgment of divorce did not make any provision for equitable distribution or child support for their children, the defendants Christopher Jeng and Christina Jeng.

In 1990 the appellant and the children moved into a cooperative apartment. The plaintiff commenced this action to recover possession of the apartment, and each of the defendants served separate answers. In each of the answers the affirmative defense of lack of personal jurisdiction was asserted. Additionally, the appellant asserted as a first counterclaim that a constructive trust should be imposed on the apartment and that the plaintiff should be required to convey the apartment to her.

Thereafter, the plaintiff moved to strike the defendants' affirmative defense of lack of personal jurisdiction. The court granted the motion. Instead of appealing from that determination, the appellant moved to reargue the order granting the plaintiff's motion. The plaintiff opposed reargument and also cross-moved, *inter alia*, to dismiss the appellant's first counterclaim to impose a constructive trust, in effect, on the ground that it was barred by the doctrine of collateral estoppel and/or res judicata. The Supreme Court, *inter alia*, denied the appellant's motion for reargument and granted the plaintiff's cross motion to dismiss the first counterclaim, finding that the appellant was estopped from asserting it based upon the denial of her prior request to have this property equitably distributed to her.

Contrary to the appellant's contention, the plaintiff's cross motion to dismiss her first counterclaim on the ground of collateral estoppel and/or res judicata was not barred by the "one motion rule" set forth under CPLR 3211 (e), which permits a party to move only once upon one or more of the grounds enumerated under CPLR 3211 (a) (*see,* CPLR 3211 [e]; *Held v Kaufman,* 91 NY2d 425). Since the plaintiff's first motion to strike the defendant's affirmative defense of lack of personal jurisdiction was made pursuant to CPLR 3211 (b), the plaintiff's cross motion to dismiss the first counterclaim under CPLR 3211 (a) (7) was the first and only motion made under CPLR 3211 (a). However, in this case, the appellant correctly asserts that by failing to either plead the defenses of collateral estoppel and/or res judicata in response to her counterclaim for the imposition of a constructive trust, or to timely move to dismiss

the counterclaim on the ground of collateral estoppel and/or res judicata, the plaintiff waived his right to assert these defenses (*see*, CPLR 3211 [e]).

The plaintiff's remaining contentions are not properly before this Court since they are raised for the first time on appeal and, in any event, are without merit. Bracken, J. P., Sullivan, Friedmann and Florio, JJ., concur.