■ In the Matter of Susan J. Hall, Appellant. Margaret A. Glenn et al., as Cotrustees of a Trust Formed Under the Last Will and Testament of David G. Glenn, Deceased, Respondents. [713 NYS2d 622] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding in Supreme Court seeking to revoke letters of trusteeship granted to respondents as co-trustees of a trust formed under the last will and testament of David G. Glenn. By order of Surrogate's Court, petitioner and respondents were appointed trustees of a trust comprised of shares of stock in the Glenn-Jankowski Agency, Inc. (Agency), an insurance agency. Petitioner alleges that respondents would not cooperate with her as a co-trustee, refused to provide her with any documents concerning the Agency, and concealed potential agreements and transactions concerning the Agency. Respondents counterclaim, seeking the removal of petitioner as a co-trustee, alleging that petitioner was in direct competition with the Agency, thus justifying her removal as a co-trustee. After a hearing, Supreme Court dismissed petitioner's application and granted the counterclaim, revoking the letters of trusteeship granted to petitioner as a co-trustee without appointing an independent trustee to serve in her place. We now modify.

Petitioner contends that, because of the prior Surrogate's Court order, respondents are precluded by res judicata and collateral estoppel from challenging petitioner's appointment as a co-trustee. Petitioner's contention is improperly raised for the first time on appeal and thus is not properly before us (*see, David Sanders, P. C. v Harris A. Sanders, Architects, P. C.,* 140 AD2d 787, 788). By failing either to plead those defenses in a reply to the counterclaim, or to make a timely motion to dismiss the counterclaim on those grounds, petitioner has waived her right to assert those defenses (*see,* CPLR 3211 [e]; *Ouyang v Jeng,* 260 AD2d 618, 619-620; *Pace v Perk,* 81 AD2d 444, 461-462; *see also, Mayers v D'Agostino,* 58 NY2d 696, 698).

A court may in its discretion remove a trustee for various reasons, including that the trustee is "unsuitable to execute the trust" (EPTL 7-2.6 [a] [2]; *see, Stolz v New York Cent. R. R. Co.,* 7 NY2d 269, 273-274, *rearg denied* 7 NY2d 995). If the personal interests of a trustee conflict with her interest as a trustee, the court may remove her as a trustee *(see, Pyle v Pyle,* 137 App Div 568, *affd* 199 NY 538). While there has been no showing of any improper conduct by petitioner to this point, we cannot say that the court abused its discretion in removing her as a co-trustee due to her inherent conflict of interest. Under the circumstances of this case, however, the court should have appointed an independent trustee in her place *(see, Matter of Angell,* 268 App Div 338, 345-346, *affd* 294 NY 923).

The court abused its discretion in dismissing petitioner's application seeking to revoke letters of trusteeship granted to respondents as co-trustees. The evidence established that respondents refused to cooperate with petitioner by excluding her from meetings and decisions concerning the Agency, and refused to turn over financial and other documents requested by petitioner. Respondents acted in a way that prevented petitioner from performing her duties as co-trustee, thus warranting their removal as co-trustees *(see, Matter of Moglia,* 175 Misc 226).

We modify the order, therefore, by granting petitioner's application and revoking the letters of trusteeship granted to respondents, and remit the matter to Supreme Court for the appointment of one or more independent trustees. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—EPTL.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Lawton, JJ.