Matter of Gimbel v Leonard (2022 NY Slip Op 03317)

Matter of Gimbel v Leonard

2022 NY Slip Op 03317

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Manzanet-Daniels, J.P., Gische, Kern, Friedman, Shulman, JJ. 

Index No. 155477/21 Appeal No. 15981 Case No. 2022-00565 

[*1]In the Matter of Geoffrey Gimbel etc., Petitioner-Respondent,
v
Stew Leonard, Jr., et al., Respondents-Appellants, Steve R. Graber etc., et al., Respondents.

Dentons US LLP, New York (Justin N. Kattan of counsel), for appellants.
Sullivan & Worcester LLP, New York (Michael T. Sullivan of counsel), for respondent.

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about August 31, 2021, which denied respondents' cross motion to dismiss the verified petition seeking to remove them as trustees of the Geoffrey Gimbel 2017 Trust and which appointed a temporary trustee, unanimously affirmed, without costs.
The court properly denied respondents' cross motion to dismiss the verified petition seeking their removal pursuant to EPTL 7-2.6(a)(2). The verified petition sufficiently states a cause of action for removal based in part on respondent David Erlanger's conflict of interest. Among the examples of his conflict of interest, the petition alleges that co-trustee Erlanger, on behalf of his Erlanger Family Trust, sought to personally share in an investment opportunity petitioner had proposed for the Geoffrey Gimbel 2017 Trust (2017 Trust). And it is undisputed that the Erlanger Family Trust holds an approximate 8% interest in Riverside Warehouse Partners LLC, one of the LLCs which are main assets of the 2017 Trust, of which petitioner was a beneficiary. The inherent conflict of interest and his conduct supports a cause of action for removal (Matter of Hall, 275 AD2d 979, 980 [4th Dept 2000]; see Matter of Rothko, 43 NY2d 305, 319 [1977] ["[w]hile . . . a trustee is administering the trust he must refrain from placing himself in a position where his personal interest or that of a third person does or may conflict with the interest of the beneficiaries"] [internal quotation marks and brackets omitted]; see Sankel v Spector, 33 AD3d 167, 171-172 [1st Dept 2006]).
While the conflict alone might not justify removal, when combined with both respondents' ongoing efforts to oust petitioner as manager or undermine his authority to manage the LLCs starting just after petitioner's father and the creator of the Trust, Roger Gimbel, passed away, the court properly concluded that the petition alleges that respondents were not acting in the best interest of the 2017 Trust. A forensic audit had revealed no mismanagement by petitioner of the LLCs. Moreover, respondents' efforts to oust him as manager of the LLCs impeded investment opportunities. "Although discord between the trustee and others involved with the trust, standing alone, is typically an insufficient basis for removal, such conflict may support removal if the conflict thwarts proper administration of the trust or otherwise subverts the purpose of the trust" (Matter of James H. Supplemental Needs Trusts, 172 AD3d 1570, 1573 [3d Dept 2019]). For the same reason, the Supreme Court providently exercised its discretion in appointing a temporary additional trustee to facilitate discovery and report to the court. "[A] trial court has broad discretion over the discovery process, and its determinations will not be set aside absent a clear showing of abuse of discretion" (Rodney v City of New York, 192 AD3d 606 [1st Dept 2021]). Contrary to respondents' contentions, Supreme Court did not suspend them [*2]as trustees without a hearing; as it stated at the oral argument on August 31, 2021, it merely appointed a temporary additional trustee.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022